Campbell v Gaeta Interior Demolition, Inc. (2025 NY Slip Op 02404)

Campbell v Gaeta Interior Demolition, Inc.

2025 NY Slip Op 02404

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, O'Neill Levy, Michael, JJ. 

Index No. 26233/16|Appeal No. 4202-4203|Case No. 2024-00782 2024-02273|

[*1]Delroy Campbell et al., Plaintiffs,
v
Gaeta Interior Demolition, Inc., et al., Defendants.
Segal Law Firm, P.C., et al., Nonparty Appellants-Respondents,
v
Novo Law Firm, P.C., et al., Nonparty Respondents-Appellants.

Lawrence B. Goodman, New York, for appellants-respondents.
Clyde & Co US LLP, New York (J. Richard Supple, Jr. of counsel), for respondents-appellants.

Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered December 28, 2023, which, after a hearing, apportioned attorneys' fees 88% to plaintiff's incoming attorneys, Matthew B. Segal and Segal Law Firm, P.C. (together, Segal firm), and 12% to his outgoing attorneys, Ilya Novofastovsky and Novo Law Firm, P.C. (together, Novo firm), unanimously modified, on the law and the facts, to increase Segal firm's portion to 94% and reduce Novo firm's portion to 6%, and otherwise affirmed, without costs. Appeal from order, same court (Joseph E. Capella, J.), entered on or about February 1, 2024, which denied Novo firm's motion to, inter alia, adjourn the hearing, unanimously dismissed, without costs, as moot.
The Novo firm represented plaintiff from January 26, 2016 to August 30, 2018. During that time, outgoing counsel initiated the action, gathered information regarding plaintiff's accident and his medical treatment, served pleadings, worked with him to prepare for his first deposition, and represented him at that deposition. The Novo firm also prepared a bill of particulars alleging that plaintiff had sustained traumatic brain injury in the rear-end collision with defendants' truck, but had not obtained radiologic evidence of that injury. Plaintiff stated that during the time he was represented by the Novo firm, he rejected a $13,500 settlement offer that was recommended by the firm.
In contrast, incoming counsel, the Segal firm, represented plaintiff from August 31, 2018, until the case was settled four and a half years later, for $5 million. The records presented by the Segal firm indicate that it retained numerous liability and damages experts, conducted depositions, gathered medical records, engaged in discovery, discovered an excess insurance policy, prepared for multiple mediation sessions and for trial, worked with funding loan administrators, and prepared a financial structure for plaintiff's long-term benefit. The Segal firm documented plaintiff's traumatic brain injury and engaged medical professionals to evaluate his condition. While the Novo firm may have placed the case "on the right path," the Segal firm's "extensive and complex work dwarfed" the Novo firm's contribution, and the Segal firm successfully mediated the settlement (Han Soo Lee v Riverhead Bay Motors, 110 AD3d 436 [1st Dept 2013]). Under the circumstances, we find that the relative contribution of the outgoing firm is 6%, with the balance apportioned to the incoming firm (see Buszko v City of New York, 118 AD3d 464 [1st Dept 2014]).
We have considered the remaining arguments raised by outgoing and incoming counsel and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025